**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 29 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PRODUCE ALLIANCE, LLC,

        Plaintiff-Appellee,

PRODUCE CAPITAL GROUP, LLC,

        Intervenor-Plaintiff-
        Appellant,

TAYLOR FARMS RETAIL, INC.; DOLE
FRESH FRUIT COMPANY; HARVEST
SENSATIONS, LLC; C.H. BELT &
ASSOCIATES, INC., a corporation,

        Intervenor-Plaintiffs-
        Appellees,

  v.

WEST CENTRAL PRODUCE, INC., a
California corporation; HSBC BANK, USA,
NA,

        Defendants-Appellees.

No.   20-56230

D.C. No.
2:20-cv-02921-PSG-AGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, Chief District Judge, Presiding

Argued and Submitted February 16, 2022

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pasadena, California

Before: BRESS and BUMATAY, Circuit Judges, and GLEASON,** District Judge.

Produce Capital Group, Inc. ("ProCap") appeals the district court's order dismissing its complaint under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a *et seq.* We have jurisdiction under 28 U.S.C. § 1291. We review the district court's dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) de novo. *Moore v. Trader Joe's Co.*, 4 F.4th 874, 880 (9th Cir. 2021); *McLachlan v. Bell*, 261 F.3d 908, 910 (9th Cir. 2001). We review the district court's interpretation of its own Consent Order "with deference . . . based on the court's extensive oversight of the decree from the commencement of the litigation to the current appeal." *Labor/Cmty. Strategy Ctr. v. L.A. Cnty. Metro. Transp. Auth.*, 564 F.3d 1115, 1119 (9th Cir. 2009) (quotations and citation omitted). We affirm.

The district court did not err when it voided the Bill of Sale because the transaction between ProCap and West Central violated the court's Consent Order. Under the Consent Order, which was designed to allow the orderly liquidation of West Central's PACA Trust Assets, West Central "agree[d] to not[] . . . remove,

_____

** The Honorable Sharon L. Gleason, Chief United States District Judge for the District of Alaska, sitting by designation.

2

withdraw, transfer, conceal, pay, encumber, assign[,] sell or otherwise dissipate . . . PACA Trust Assets or other properties acquired or maintained with the use of PACA Trust Assets . . . ." The Consent Order defined "Trust Assets" to include "assets comingled with, purchased with, maintained, or otherwise acquired with such proceeds, as permitted by applicable law."

West Central acquired an assignment of certain produce suppliers' interests in PACA trust claims (the "Assigned Litigation Rights") with checks written on a West Central bank account. That bank account contained funds that "were commingled with the proceeds of non-Produce related goods." As a result, the Assigned Litigation Rights became impressed with the PACA trust because they had been acquired with PACA trust funds. And "[a] cause of action that may be brought on behalf of the trust is itself a trust asset, and any recovery ordinarily belongs to the trust estate, regardless of who prosecuted the action." Restatement (Third) of Trusts, § 107 cmt. e (2012).

When West Central then sold the Assigned Litigation Rights at a deep discount to ProCap, it therefore violated the Consent Order's prohibition on "transfer[ing]," "assign[ing]," or "sell[ing]" "properties acquired . . . with the use of PACA Trust Assets." The plain language of the Bill of Sale confirms this conclusion because it specifically stated that West Central's "receipt of the full amount of the Purchase Price from ProCap . . . removes [the accounts payable] from [West

3

Central's] PACA trust assets, and . . . replaces it with the proceeds of the Purchase Price itself." As the district court recognized, "[t]his language expressly acknowledges that the assets exchanged between West Central and ProCap were PACA trust assets." While ProCap tries to dismiss this problematic language in the Bill of Sale as merely "mistaken," other provisions in the Bill of Sale confirm that the transaction removed PACA assets and converted them to cash.

ProCap argues that the Assigned Litigation Rights cannot be PACA trust assets because they have no value. That is incorrect because the Assigned Litigation Rights had value to the PACA trust beneficiaries, which is confirmed by the fact that ProCap sought $4.1 million through its PACA trust claim. ProCap also argues that the Assigned Litigation Rights cannot be PACA trust assets because they are not a "commodity-related liquid asset." But ProCap cites no authority suggesting that litigation rights cannot be impressed with the PACA trust when they are acquired with PACA trust funds. That is what occurred here.

Because West Central violated the Consent Order, the district court properly exercised its authority to void the transaction between West Central and ProCap. *See Nehmer v. U.S. Dep't of Veterans Affairs*, 494 F.3d 846, 855 (9th Cir. 2007) ("A court of appeals will uphold a district court's reasonable interpretation of a consent

4

decree.") (quotations and citation omitted).  Without the agreement in place, ProCap

has no stake in this litigation and lacks standing to intervene.[1]

**AFFIRMED.**

---

[1] Because we agree with the district court that ProCap lacked standing to intervene, we do not reach the issue of whether ProCap's claims were also barred by the doctrine of *in pari delicto*.